# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 12-668V
Filed: August 22, 2014
Not for Publication

*************************************
STACIE FULLER,                              *
                                          *
        Petitioner,            *
                                          *     Attorneys' fees and costs decision;
v.                                                *     an amount to which respondent does
                                          *     not object
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,          *
                                          *
        Respondent.           *
                                          *
*************************************

Ronald C. Homer, Boston, MA, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 19, 2014, petitioner filed an application for attorneys' fees and costs. Petitioner requests $20,689.00 in attorneys' fees and costs, consisting of $19,183.10 in attorneys' fees, $1,046.43 in attorneys' costs, and $459.47 in petitioner's costs.

On August 22, 2014, respondent's counsel informed the undersigned's law clerk that respondent does not object to petitioner's request for attorneys' fees and costs. The undersigned finds petitioner's request to be reasonable. Accordingly, the court awards:

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

    a. **$20,229.53**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C. in the amount of **$20,229.53**; and

    b. **$459.47**, representing reimbursement for petitioner's costs. The award shall be in the form of a check payable to petitioner in the amount of **$459.47**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>August 22, 2014</u>                                                               /s/ Laura D. Millman
                                                                                                                 Laura D. Millman
                                                                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.